IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DALPARK PARTNERS, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-00965-N |
| | § | |
| VERUS MANAGEMENT ONE, LLC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Verus Management One, LLC's ("Verus") motion for summary judgment [66]. For the reasons below, the Court grants summary judgment for Verus.

### I. ORIGINS OF THE MOTION

Plaintiff Dalpark Partners, Ltd. ("Dalpark") purchased a parking garage and became the landlord to an existing lease agreement regarding a portion of the property. Def.'s App. 65–75 [68] (the "Lease"). The tenant to that lease, nonparty AT&T, leased an area in the garage (the "Premises") for the installation of telecommunications equipment used in its business.[1] Dalpark assigned its interest in the lease to Verus in exchange for an up-front fixed payment. Def.'s App. 54–64. Over the years, Verus and AT&T executed several amendments to the Lease without consulting Dalpark. Eventually, Dalpark

---

[1] Due to various changes to the company over the years, the filings and documents refer to the third party company using the property by different names. For simplicity, the Court adopts the term used in the motion for summary judgment and refers to the third party as AT&T for purposes of this order.

ORDER – PAGE 1

discovered the amendments and objected on the grounds that Verus and AT&T had entered the amendment agreements (and made changes to the equipment on the Premises) without first obtaining Dalpark's approval. Dalpark later filed this lawsuit against Verus, ultimately asserting claims for slander of title and trespass.[2] Verus now moves for summary judgment on both claims. Because Dalpark conceded its slander of title claim in its response brief, the only claim at issue here is Dalpark's trespass claim.

## II.  LEGAL STANDARD FOR SUMMARY JUDGMENT

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary

---

[2] The initial complaint advanced claims for slander of title and conversion. Pl.'s Compl. [1]. However, Dalpark abandoned the conversion claim and added a trespass claim. Pl.'s Third Am. Compl. [57].

ORDER – PAGE 2

judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III.  THE COURT GRANTS THE MOTION

Verus moves for summary judgment on Dalpark's slander of title and trespass claims. In its response, Dalpark conceded its slander of title claim. Pl's Resp. Br. 1 [70]. Accordingly, the issue before the Court on this motion is whether Verus is entitled to summary judgment on the remaining trespass claim.

To prevail on a claim for trespass, a plaintiff must show three elements: "(1) entry (2) onto the property of another (3) without the property owner's consent or authorization."

ORDER – PAGE 3

*Env't Processing Sys., L.C. v. FPL Farming Ltd.*, 457 S.W.3d 414, 419 (Tex. 2015). The entry must be physical to constitute a trespass. *Murphy v. Moore*, 2021 WL 1819698, at *3 (N.D. Tex. 2021) (unpub.) (citing *Russell v. Coward*, 2014 WL 5093990, at *2 (Tex. App. — Waco 2014, no pet.) (unpub.)). Under Texas law, a defendant may be liable for trespass without personally participating in the physical entry where the defendant intentionally causes a third party to trespass. *Wilen v. Falkenstein*, 191 S.W.3d 791, 798 (Tex. App. — Fort Worth 2006, pet. denied).

Dalpark's trespass theory is that Verus aided or encouraged a trespass by entering the amendment agreements with AT&T. According to Dalpark, the amendments collectively authorized AT&T to install equipment outside the leased premises, place unauthorized equipment on the property, and modify existing facilities in a way that constituted a trespass. Dalpark does not argue that any entry of AT&T personnel onto the property itself constituted a trespass, *see* Pl.'s Resp. Br., and the Lease states that the tenant "shall have 24-hours-a-day, 7-days-a-week access to the Premises." Def.'s App. 67. Thus, to prevail on its trespass claim, Dalpark must establish that an installation or placement of AT&T equipment constituting a trespass occurred and that the amendments authorized it.

In its motion, Verus argues that there is no evidence establishing that a trespass authorized by Verus occurred because Dalpark has not (a) identified particular trespassing equipment; or (b) shown that the amendment agreements themselves authorize AT&T to install trespassing equipment. Accordingly, the burden shifts to Dalpark to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor — and it has failed to do so. The Court agrees with Verus that Dalpark's failure

ORDER – PAGE 4

to identify offending equipment or show that the amendments authorized a particular trespass is fatal to the trespass claim.

Critically, Dalpark does not point to evidence showing that AT&T installed or modified any particular equipment in a manner that constitutes the physical entry required for trespass. *See* Def.'s Resp. Br. It is unclear from Dalpark's response brief what specific equipment Dalpark contends is trespassing on its garage, where it is located, and how its presence exceeds the scope of the permission granted to AT&T by the Lease.

Instead, Dalpark focuses on the amendment contracts themselves generally allowing AT&T to modify its equipment. But Dalpark fails to introduce evidence enabling the Court to decipher what the amendments authorize. The generic language in the amendments' recitals stating that AT&T would "modify" its equipment is insufficient to establish that whatever work the amendments contemplated a specific physical invasion that exceeded the scope of Dalpark's consent. *See, e.g.*, Def.'s App. 89 (amendment language stating that AT&T "shall modify its equipment for a final installed configuration pursuant to [attached exhibit specifications]"; *see also id.* at 88–130 (all executed or proposed amendments between Verus and AT&T). Thus, the recital language itself does not establish that the amendments authorized a trespass.

While the technical specifications describing the equipment changes may disclose a contemplated trespass, Dalpark has failed to provide sufficient evidence explaining them.[3] In its response, Dalpark relies on the amendment agreements but offers no evidence

---

[3] Representative technical specification exhibits to the amendment agreements can be found in Verus's appendix. Def.'s App. 92–94; 105–118; 125–38.

ORDER – PAGE 5

that enables the Court to interpret the technical exhibits that explain the equipment changes to which AT&T and Verus agreed.  S*ee* Pl.'s Response Br.  Accordingly, it is impossible on this record to ascertain what the amendment agreements actually authorized.

In sum, Dalpark has not pointed to evidence sufficient to establish that there is AT&T equipment trespassing on Dalpark's property and that Verus authorized AT&T to install it by executing the amendment agreements.  Thus, no reasonable jury could conclude that Dalpark intentionally caused a physical invasion by AT&T onto the property to which Dalpark did not consent.  The Court therefore holds that Verus is entitled to summary judgment on Dalpark's trespass claim.

## CONCLUSION

Dalpark conceded its slander of title claim.  Further, Dalpark has failed to show there is sufficient evidence from which a reasonable jury might find in Dalpark's favor on its trespass claim.  For all the reasons above, the Court grants Verus's motion for summary judgment.

Signed August 16, 2022.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 6